UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED
2012 JUN 20 PM 3: 51
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JACQUELINE MAYER, )
)
PLAINTIFF, )
) Civil Action No.
v. ) 8:12-cv-1369-T-24-TGW
)
DENT-A MED, INC., d/b/a )
THE HELPCARD, a/k/a ) Jury Demand
HC PROCESSING CENTER, )
)
DEFENDANT. )

## COMPLAINT

Plaintiff, Jacqueline Mayer, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant DENT-A-MED, INC., d/b/a THE HELPCARD, a/k/a HC PROCESING CENTER, and alleges as follows:

### VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681 et seq., 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337, and 1367.

2. Venue in this District is proper because Defendant's collection demands were received here and Defendant transacts business here.

### PARTIES

3. Plaintiff, Jacqueline Mayer, ("Plaintiff") is an individual and resident of the State of Florida, is a "consumer" as defined at §559.55 of the Florida Fair Debt Collection Practices Act ("FFDCPA") and 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 et seq..

4. Defendant, Dent-A-Med, Inc., d/b/a The Helpcard a/k/a HC Processing

Center ("Defendant"), is an Oklahoma corporation doing business in the State of Florida, and is a "person" as that term is defined by Fla. Stat. § 559.55 (3) and Fla. Stat. § 559.72. As an entity that regularly reports consumer information to one or more consumer reporting agencies, Defendant is also a "furnisher of information" as that term is used in Section 1681s-2(b) of the Fair Credit Reporting Act.

5. All conduct of Defendant alleged herein was authorized, approved, and/or ratified by one or more directors, officers, or managers of Defendant, and was fraudulent, oppressive, and done knowingly without cause, with intent, and with malice.

## FACTS

6. Some time in or around May, 2003, Plaintiff incurred a financial obligation for credit extended via an Arvest Bank credit card associated with Acct# 2465410 for charges she incurred for personal purposes via use of the card ("alleged debt"), and said obligation is therefore a "debt" as that term is defined by the FFDCPA. Plaintiff's application was processed by the HELPCard processing Center, aka HC Processing Center, aka Dent-A-Med. (Exhibit A, Credit Agreement).

7. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the debt went into default.

8. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to Sunrise Credit Services, Inc. ("Sunrise"), for collection from Plaintiff.

9. At all times relevant hereto, through the course of its attempts to collect the alleged debt from Plaintiff, Sunrise was acting as an authorized agent on behalf of Defendant.

10. In or around December, 2005, during the pendency of a telephone conversation with an agent or employee of Sunrise acting on behalf of Defendant, the Defendant made Plaintiff an offer to settle the alleged debt in full for payment of $3500.00 from Plaintiff, which Plaintiff accepted ("Agreement"). (Exhibit B, December 28, 2005 Letter from Sunrise memorializing offer and agreement).

11. On or around December 30, 2005, Plaintiff paid $3500.00 to Defendant in full settlement of the alleged debt, and received a letter from Sunrise confirming this fact. (Exhibit C, December 30, 2005 Letter from Sunrise acknowledging settlement of alleged debt).

12. By the act of paying $3500 to Defendant via Sunrise, Plaintiff fully performed all of the duties imposed by the Agreement.

13. After December 30, 2005, Plaintiff owed no money to Defendant relating to the alleged debt corresponding to account # 2465410.

14. After Plaintiff had paid the alleged debt, Defendant inexplicably continued to attempt to collect money from the Plaintiff via the placement of telephone calls and letters demanding the payment of money allegedly owed by Plaintiff to Defendant.

15. Even after Plaintiff paid the settlement amount of $3500 to Defendant via Sunrise, Defendant continued to report to the TransUnion, Experian, and Equifax credit reporting agencies that the alleged debt was unpaid. (Exhibit D, Excerpt from Plaintiff's October, 2008 credit reports showing Defendant's tradeline).

16. Defendant repeatedly obtained Plaintiff's TransUnion consumer report

without a permissible purpose, under false pretenses, and for the purpose of damaging Plaintiff's credit profile to wrench Plaintiff's compliance with its demands that Plaintiff pay a debt that she had long since paid.

17. Specifically, Defendant impermissibly requested and obtained Plaintiff's TransUnion credit report on at least the following dates in 2011:

> September 8, 2011
> September 9, 2011
> September 12, 2011
> September 13, 2011

(Exhibit E, Excerpt from Plaintiff's credit report showing requests for credit history inquiries made by Defendant).

18. Each of Defendant's requests to obtain Plaintiff's credit report from TransUnion in the year 2011 was in connection with the collection of an alleged debt from Plaintiff.

19. After over five years of attempts to collect an alleged debt from Plaintiff that she did not owe, Defendant escalated its attempts by threatening to sue the Plaintiff.

20. Namely, Defendant sent Plaintiff a letter stating that she has "broken" her contract, and that legal action is being considered by Defendant as a result. (Exhibit F, Letter from Defendant dated October 17, 2011).

21. Defendant's letter dated October 17, 2011 also states in part as follows:

**2) The damage done to your credit rating as a result of a lawsuit can hinder future borrowing and credit transactions by other creditors.**

(Exhibit F, Letter from Defendant dated October 17, 2011).

22. Defendant's statement that the act of filing a lawsuit against Plaintiff would damage her credit rating is false and deceptive, as Plaintiff's credit would in no way be affected by the act of filing a suit against the Plaintiff unless a judgment were to be entered against the Plaintiff.

23. Plaintiff has been damaged by Defendant's actions, and has suffered, *inter alia*, anxiety, hopelessness, helplessness, loss of sleep, nervousness, irritation, depression, lost credit opportunities, and damage to her credit profile as the result of Defendant's actions.

## COUNT I-WILLFUL WRONGFUL PROCUREMENT OF CREDIT REPORT, 15 U.S.C. § 1681a *et seq.*

24. Plaintiff incorporates paragraphs 1-23.

25. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681a et seq., a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose. The permissible purposes allowed by the Act are set forth in 15 U.S.C. § 1681b.

26. Under 15 U.S.C. § 1681b(f), a person is prohibited from obtaining a credit report on a consumer unless the person has a permissible purpose for procuring the report and certifies that purpose to the consumer reporting agency.

27. Equifax, Experian, and TransUnion are consumer reporting agencies as that term is defined by §1681a(f) of the FCRA.

28. 15 U.S.C. § 1681b(a)3 governs situations where a person requests a credit report in connection with the collection of an account from a consumer.

29. A person which obtains a credit report on a person in connection with the collection of an account from a consumer, under 15 U.S.C. § 1681b(a)3, ceases to have a

permissible purpose to procure a report from said person once the account is paid or settled in full by the consumer.

30. Upon information and belief, during the course of its attempts to collect alleged consumer debts, Defendant has a practice of obtaining reports from credit reporting agencies of people that have already satisfied their consumer obligations to Defendant, without obtaining their consent and without having any permissible purpose to procure said reports.

31. Defendant's practice of obtaining consumer reports from persons that have fully paid or settled their debts to Defendant violates the FCRA, particularly 15 U.S.C. § 1681b(f), as Defendant has no permissible purpose in obtaining the consumer reports of such persons.

32. Consistent with its practice, Defendant wrongfully obtained the credit report of Plaintiff after she had fully satisfied her obligations relating to the alleged debt.

33. Defendant had no permissible purpose under 15 U.S.C. § 1681b for obtaining Plaintiff's credit report.

34. Incredibly, Defendant obtained Plaintiff's TransUnion report--by falsely certifying that it had a permissible purpose to do so--on four separate occasions within a span of six days in November, 2011. (Exhibit E, Excerpt from Plaintiff's credit report showing requests for credit history inquiries made by Defendant).

35. The credit report that Defendant obtained from TransUnion relating to the Plaintiff is a "consumer report" within the meaning of the FCRA.

36. In connection with its practice of obtaining credit reports from persons without having a permissible purpose to do so, Defendant acts willfully, knowingly, and in conscious disregard for the rights of such persons, including specifically the Plaintiff.

37. In connection with its practice, Defendant certified to TransUnion that it is requesting a credit report for collection of Plaintiff's account when, in fact, Plaintiff had paid her account off years earlier. Accordingly, pursuant to this practice, Defendant obtained Plaintiff's credit report through false pretenses within the meaning of 15 U.S.C §1681 n(b).

38. Plaintiff has been damaged by Defendant's conduct, actions and inaction, and has suffered, *inter alia*, anxiety, hopelessness, helplessness, loss of sleep, nervousness, irritation, depression, lost credit opportunities, and damage to her credit profile as the result of Defendant's actions.

39. As a result of Defendant's willful practice of violating the FCRA, Defendant is liable under 15 U.S.C. § 1681n for the costs of bringing this action as well as reasonable attorney fees.

40. In the alternative, Defendant's actions in requesting Plaintiff's consumer report were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against the Defendant for the following:

    a)     Actual damages in an amount to be proved at trial;

    b)     Punitive damages as provided for in 15 U.S.C. § 1681n(2);

    c)     Statutory damages as provided for in 15 U.S.C. § 1681n(2);

d) Costs and attorney fees as provided in 15 U.S.C. § 1681n(3) and § 1681o(2) ; and

e) Such other and further relief as this Court deems just.

## COUNT II-VIOLATION OF THE FLORIDA CONSUMER COLLECTION ACT, Fla.Stat. 559.55 *et seq*

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

42. Defendant is a "person" under Fla. Stat. § 559.72(7), which specifically provides that "in collecting consumer debts, no person shall . . ." engage in the prohibited collection practices delineated in the statute. See *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. 4th DCA 2002).

43. Defendant had notice that Plaintiff had paid the alleged debt, yet it attempted to collect the alleged debt from Plaintiff nonetheless.

44. Defendant violated §559.72(9) by claiming Plaintiff owes a debt, and by attempting to collect the alleged debt at a time after Defendant knew that the debt had been paid, and thus was not owed.

45. Defendant's letter dated October 17, 2011 falsely threatened legal action against Plaintiff, as well as damage to Plaintiff's credit rating, when it knew that it did not have a legal right to do so. (Exhibit F, Letter from Defendant dated October 17, 2011).

46. Defendant intended to write the statements that are found in its October 17, 2011 letter to Plaintiff.

47. As a consequence of Defendant's foregoing actions, Plaintiff has suffered emotional damages, including but not limited to stress, anxiety,

humiliation, loss of health, loss of enjoyment of life, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against the Defendant for the following:

a) Actual damages in an amount to be proved at trial;

b) Statutory damages;

c) Attorney fees, litigation expenses, and costs;

d) Punitive damages; and

e) Such other and further relief as this Court deems just.

## COUNT III
## INDIVIDUAL CLAIM AGAINST DEFENDANT CACH-VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

48. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

49. Plaintiff brings this action against Defendant requesting injunctive and declaratory relief and for statutory and actual damages for its violation of the Florida Deceptive and Unfair Trade Practices Act, in connection with the subject alleged debt.

50. At all times relevant hereto Plaintiff was a "consumer" as defined by §501.203(7), Fla. Stat.

51. At all times relevant hereto, Defendant was engaged in "trade" or "commerce" as defined by §501.203(8), Fla. Stat. as creditor or collector of consumer debt in Florida.

52. Defendant is prohibited from engaging in unfair, deceptive, or unconscionable acts or practices in the conduct of its consumer transactions.

53.     Plaintiff entered into a consumer credit transaction with the original Creditor, and Defendant has been attempting to collect a debt related to this transaction, that has already been paid and is thus nonexistent and false.

54.     Defendant violated the Florida Consumer Collection Practices Act, as specifically alleged above. Violations of Florida consumer protection laws constitute per se violations of FDUTPA, therefore, these actions constitute unfair, deceptive, unconscionable actions in violation of the Act.

55.     It has been necessary for Plaintiff to retain The Law Office of M. Kris Kasalo, Ltd. and Michael Tierney, P.A., to prosecute this litigation, due to Defendant's insistence on collecting a debt that Plaintiff has long since paid. Her counsel has incurred and will incur costs and other related expenses in prosecuting this action and her counsel is entitled to reimbursement of her costs and attorney's fees pursuant to §§501.2105(1), (3) and 501.211, Fla. Stat.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against this Defendant, and to:

a)     Declare Defendant's practices to be in violation of the Florida Deceptive and Unfair Trade Practices Act;

b)     Temporarily and permanently enjoin Defendant from engaging in deceptive and unfair practives;

c)     Award Plaintiff damages as provided by §§501.2105(1), (3) and 501.211, Fla. Stat.;

d)     Award attorney's fees and costs pursuant to Fla. Stat. §§501.2105 and 501.211, and

e)     Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Tierney
Michael Tierney

Michael Tierney, Esq.
Michael Tierney, P.A.
918 Beard Ave.
Winter Park, FL 32789
Tele. 407-740-0074