UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE MAYER,

      Plaintiff,

v.                                          Case No.  8:12-cv-1369-T-24 TGW

DENT-A-MED, INC. d/b/a
The Helpcard a/k/a HC Processing
Center

      Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment.  (Doc. No. 13).  As explained below, the motion is granted in part and denied in part.

**I.  Background**

Plaintiff Jacqueline Mayer alleges the following in her complaint (Doc. No. 1): In May of 2003, Plaintiff incurred credit card debt on her Arvest Bank credit card.  (¶ 6).  Plaintiff was unable to pay the debt, and the debt went into default.  (¶ 7).  Thereafter, Sunrise Credit Services, Inc. acted as Defendant Dent-A-Med d/b/a The Helpcard a/k/a HC Processing Center's agent for the purpose of collecting the debt.  (¶ 8, 9).

In December of 2005, Defendant made an offer to settle Plaintiff's debt for $3,500.  (¶ 10).  Plaintiff accepted Defendant's offer and paid Defendant.  (¶ 10, 11).  Despite Plaintiff's payment, Defendant continued to attempt to collect the debt from Plaintiff and reported to the three credit reporting agencies that the debt remained unpaid.  (¶ 14, 15).  In October of 2011, while continuing to attempt to collect the debt, Defendant threatened to sue Plaintiff over the debt.  (¶ 19).  Additionally, Plaintiff contends that Defendant impermissibly obtained her credit

report from TransUnion on several occasions in 2011 in connection with the debt that she had previously settled in 2005. (¶ 16, 17).

As a result of Defendant's conduct, Plaintiff filed suit on June 20, 2012. In the complaint, Plaintiff asserts three claims: (1) wrongful procurement of her credit report, in violation of 15. U.S.C. § 1681a *et seq.* of the Fair Credit Reporting Act; (2) violation of Florida's Consumer Collection Practices Act; and (3) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").[1]

Plaintiff served Defendant with the complaint in July and Defendant failed to file a response, but Plaintiff did not timely move for entry of Clerk's default. On October 19, 2012, this Court issued an order to show cause due to Plaintiff's failure to move for entry of default. (Doc. No. 6). Thereafter, Plaintiff moved for entry of default, and the Clerk entered a default against Defendant. (Doc. No. 8, 9).

On December 7, 2012, this Court issued another order to show cause due to Plaintiff's failure to move for default judgment. (Doc. No. 10). In response, Plaintiff filed the instant motion.

## II. Motion for Default Judgment

In her motion for default judgment, Plaintiff states that she asserted two claims in her complaint: (1) a violation of the Fair Debt Collection Practices Act ("FDCPA") and (2) a violation of Florida's Consumer Collection Practices Act ("FCCPA").[2] She now moves for

---

[1]The title of her FDUTPA claim states that it is being asserted against Defendant Cach. However, there is no Defendant Cach identified in the complaint.

[2]Plaintiff does not mention her FDUTPA claim against the unidentified Defendant Cach.

2

default judgment on both claims.

Plaintiff, however, does not specifically allege a violation of the FDCPA in her complaint, and as such, she is not entitled to default judgment on such a claim. Therefore, the Court will review her motion with respect to her FCCPA claim only.

Plaintiff alleges in her complaint that Defendant violated Florida Statute § 559.72(9) of the FCCPA by continuing to collect on the debt in 2011 after she had settled the debt with Defendant in December of 2005. Upon review, the Court concludes that Plaintiff is entitled to default judgment on her FCCPA claim.

Plaintiff requests $1,000 in statutory damages, plus attorneys' fees and costs, in connection with her FCCPA claim. Pursuant to Florida Statute § 559.77(2), Plaintiff is entitled to $1,000 in statutory damages, attorneys' fees, and court costs. Plaintiff has submitted an affidavit of the costs incurred, which total $502.17. However, Plaintiff has not cited a basis for recovering the $27.78 in courier costs, and as such, the costs awarded will be reduced by $27.78.

Plaintiff requests attorneys' fees in the amount of $3,745, based on a $350 hourly rate and 10.7 hours of work performed. Before awarding attorneys' fees, the Court must determine if the amount requested is reasonable.

The starting point in determining reasonable attorney's fees is the lodestar, which is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). Furthermore, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

3

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. See id. In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304. In calculating what hours were reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. See id. at 1301, 1302 (citation omitted).

In the instant case, Plaintiff did not provide a CV for her attorney, but a review of the Florida Bar website reveals that he has been practicing for about nine-and-a-half years. Upon consideration, the Court concludes that based on its own expertise and judgment, Plaintiff's attorney's hourly rate must be reduced to $275 per hour in order to reflect the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Furthermore, upon review of the billing records, the Court finds that it must reduce the amount of time for which Plaintiff's attorney will be compensated. Plaintiff asserted three claims in her complaint, but she only has obtained default judgment on one of the claims. As set forth below, the Court reduces the 10.7 hours billed by 3.3 hours:

| Date | Work Performed | Hours Billed | Amount of Reduction | Reason for Reduction |
|---|---|---|---|---|
| 6/13/12 | draft complaint | 3.2 | -1.5 | Plaintiff only prevailed on one of the three claims asserted |
| 10/19/12 | review Court's Order to Show Cause | .1 | -.1 | reviewing Court Orders to Show Cause are not compensable, because the attorney's failure to act resulted in the Court's Order |
| 10/19/12 | respond to Court's Order to Show Cause | .4 | -.4 | responding to Court Orders to Show Cause is not compensable, because attorney's failure to act resulted in the Court's Order |
| 12/13/12 | draft motion for default judgment | .8 | -.4 | majority of the motion addressed a claim that was not asserted in the complaint |
| 12/13/12 | respond to Court's Order to Show Cause | .3 | -.3 | responding to Court Orders to Show Cause is not compensable, because attorney's failure to act resulted in the Court's Order |
| 12/17/12 | draft of damages hearing memorandum | .6 | -.6 | memorandum addressed a claim that was not asserted in the complaint |
|  |  |  | **-3.3 hours** | **TOTAL REDUCTION** |

As explained above, the Court reduces Plaintiff's attorney's compensable hours to 7.4 hours. After applying the reduced hourly rate of $275, the Court awards Plaintiff $2,035 in attorneys' fees.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment (Doc. No. 13) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted to the extent that the Court awards Plaintiff $1,000 on her FCCPA claim in Count II,

plus $2,035 in attorneys' fees and $474.39 in costs; otherwise, the motion is denied. The Clerk is directed to enter judgment in favor of Plaintiff on Count II and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of December, 2012.

                                                                             */s/ Susan C. Bucklew*
                                                                             SUSAN C. BUCKLEW
                                                                              United States District Judge

Copies to:
Counsel of Record